## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WHAT'S NEXT MEDIA AND ANALYTICS LLC,<br><br>Plaintiff,<br>v.<br><br>ISTREAM FINANCIAL SERVICES, INC.,<br><br>Defendant. | Case No. 1:22-cv-2795<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

For its complaint against Defendant ISTREAM FINANCIAL SERVICES, INC. ("ISTREAM"), Plaintiff WHAT'S NEXT MEDIA AND ANALYTICS LLC (dba PYMNTS.COM) ("PYMNTS") alleges and states as follows:

## PRELIMINARY STATEMENT

This is an action for infringement of PYMNTS' federally registered trademarks: PYMNTS (U.S. Reg. No. 4669043); PYMNTS.COM (U.S. Reg. No. 4835282); PYMNTS.COM (U.S. Reg. No. 4807922); and PYMNTS TV (U.S. Appln. No. 97391481) (collectively, the "PYMNTS Marks") and common law trademarks associated with the same marks under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and unfair competition under the statutory and common laws of the State of Illinois, all arising from ISTREAM's use of PYMNTZ, PYMNTZ.COM, and PYMNTZ.TV (collectively, the "PYMNTZ Terms") in connection with financial goods and services. PYMNTS asserts that ISTREAM's use of the PYMNTZ Terms in connection with financial goods and services is likely to cause consumer confusion.

PYMNTS seeks permanent injunctive relief and an award of profits and actual damages, among other remedies, for ISTREAM's unlawful conduct.

## PARTIES

1. Plaintiff PYMNTS is a Limited Liability Company organized and existing pursuant to the laws of the State of Delaware. PYMNTS has a principal place of business located within this District at 140 S. Dearborn St., Suite 1000, Chicago, Illinois 60603.

2. Upon information and belief, Defendant ISTREAM is a Wisconsin corporation having a principal place of business at 13555 Bishops Ct., Brookfield, Wisconsin 53005.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, 1367, and 15 U.S.C. § 1121.

4. This Court has personal jurisdiction over ISTREAM because ISTREAM conducts business in the State of Illinois and within this district, including the advertising and sales of its goods and services through the Internet. It directs its marketing to Illinois consumers and targets Illinois consumers with its infringing PYMNTZ Terms. Moreover, the activities complained of occurred here, including the unauthorized use and display of the PYMNTZ Terms in violation of PYMNTS' trademark rights.

5. Venue is proper in this district under 28 U.S.C. § 1391 since a substantial part of the events or omissions giving rise to the claims occurred here, including the unauthorized use and display of the PYMNTZ Terms in violation of PYMNTS' trademark rights. Defendant has knowingly committed tortious acts aimed at PYMNTS and is causing harm in this state and this district, and ISTREAM is subject to personal jurisdiction here. Moreover, the damage to PYMNTS and the PYMNTS' trademarks has occurred and continues to occur in this judicial district.

**BACKGROUND**

6. Since October 2009, PYMNTS has been and continues to be in the business of, *inter alia*, providing goods and services involving the financial industry including those related to business, payments and commerce. PYMNTS promotes its goods and services through media including emailed newsletters, online at PYMNTS.com (Exhibit A), as well as through social media, including Facebook, Instagram, LinkedIn, Twitter, and YouTube, third-party platforms for distributing video content, and periodic physical events.

7. PYMNTS has continuously provided commercial information updates online and over a global computer network in the fields of business, commerce, and industry, as well as continuously distributed advertisements, commercial announcements, market research, and marketing services including promoting, marketing, or advertising the goods of others. PYMNTS' coverage of commercial information and marketing services is directed to financial news and trends through content such as newsletters, articles, editorials, data, studies, reports, events, indices, podcasts and videos.

8. PYMNTS promotes video content under the mark PYMNTS TV found at the domain tv.pymnts.com (Exhibit B).

9. PYMNTS has spent hundreds of thousands of dollars in developing, advertising and promoting its goods and services identified with the PYMNTS Marks.

10. PYMNTS is the owner of the valid and subsisting United States Trademark Registrations: U.S. Reg. No. 4669043, U.S. Reg. No. 4835282, U.S. Reg. No. 4807922, registered on the Principal Register in the United States Patent & Trademark Office (USPTO) (Exhibit C). The registrations for these marks are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

11. PYMNTS is the owner also of the United States Trademark Application No. 97391481 (Exhibit D).

12. As a result of the widespread, continuous advertising and promotion of the goods and services identified with the PYMNTS Marks, PYMNTS has become publicly recognized as the source of the subject goods and services. As a result, the PYMNTS Marks are an asset of substantial value symbolizing PYMNTS, its quality products, and its goodwill.

13. PYMNTS became aware of ISTREAM and its promotion of the PYMNTZ Term for financial goods and services at the conference Smarter Faster Payments 2022 held in Nashville, Tennessee May 1-4 and sponsored by NACHA (Exhibit E).

14. Like PYMNTS, ISTREAM provides goods and services in the financial industry.

15. ISTREAM promotes the term PYMNTZ online and at the domain pymntz.com for financial goods and services, specifically a payment processing platform (Exhibit F).

16. Furthermore, ISTREAM provides its goods and services at the domain pymntz.tv (Exhibit G).

17. The PYMNTZ Terms so resemble the PYMNTS Marks that it is likely a potential consumer would be confused, mistaken, or deceived as to the source of the goods and services of ISTREAM and PYMNTS.

18. PYMNTZ and PYMNTS are highly similar, if not identical, in appearance, sound, connotation, and commercial impression.

19. Based on the similarities of the marks and the overlap of the goods and services, a likelihood of confusion exists between the PYMNTZ Terms and the PYMNTS Marks.

## ISTREAM'S UNAUTHORIZED USE OF TRADEMARKS

20. ISTREAM's unauthorized use of the PYMNTZ Terms or a confusingly similar variation, derivative, or imitation on financial goods and services has and is likely to continue to mislead, deceive, and confuse the purchasing public and the trade. Consumers have and will continue to conclude that ISTREAM's goods and services offered under the PYMNTZ Terms are connected, associated, or affiliated with PYMNTS.

21. ISTREAM's activities will likely continue to cause confusion, or mistake, or to deceive the consuming public and the trade as to the source or origin of the goods and services offered by PYMNTS and the sale, sponsorship, or endorsement of those goods by PYMNTS.

22. ISTREAM's activities will likely continue to dilute the value of the PYMNTS Marks by diminishing the public association of the mark with PYMNTS and working an adverse effect upon the distinctiveness of the mark, thus creating a likelihood of injury to PYMNTS' respected reputation.

23. As a result of ISTREAM's actions, PYMNTS suffered and continues to suffer substantial damages and irreparable injury. PYMNTS has and is likely to continue to feel the effects of injury within this District from the likelihood of confusion, mistake, or deception as to the false affiliation, connection, or association with PYMNTS, the loss of customers, tarnishing of reputation, and the loss of goodwill.

24. ISTREAM's acts are willful with the deliberate intent to trade off the goodwill of the PYMNTS Marks, cause confusion and deception in the marketplace, and divert potential sales of PYMNTS' goods and services to ISTREAM.

25. PYMNTS has no adequate remedy at law, and unless ISTREAM is restrained and enjoined by the Court, ISTREAM's activities will be continued and will continue to cause damage

and irreparable injury to PYMNTS, and to damage its goodwill and business reputation. Because of the threatened continuation of loss of customers and sales, PYMNTS cannot ascertain the precise amount of its damages at this time.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

26. PYMNTS complains of violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on federal trademark infringement. PYMNTS repeats and realleges the allegations of paragraphs 1 through 25.

27. PYMNTS owns all rights, title, and interest in and to the term PYMNTS, including but not limited to all common law rights in the mark due to PYMNTS' prior use of the mark.

28. ISTREAM's unauthorized use in commerce of the term PYMNTZ occurred long after PYMNTS began using the PYMNTS Marks to identify its goods and services. ISTREAM's unauthorized use of the infringing term PYMNTZ in interstate commerce has caused and is likely to continue to cause confusion, mistake, or deception as to source, association, or sponsorship with the PYMNTS Marks. The relevant public has believed and is likely to believe ISTREAM's goods and services originate with, are licensed by, sponsored by, connected with, or associated with PYMNTS. ISTREAM's unauthorized use of the infringing mark falsely represents ISTREAM as being legitimately connected with PYMNTS, and places PYMNTS' reputation beyond PYMNTS' control.

29. ISTREAM has committed acts of infringement with full knowledge of PYMNTS' prior rights in the term PYMNTS and with the willful intent to cause confusion and trade on PYMNTS' goodwill.

30. ISTREAM's conduct is causing immediate and irreparable harm and injury to PYMNTS. PYMNTS has been and is being damaged by such trademark infringement and has no adequate

remedy at law. ISTREAM's unlawful conduct will continue to damage PYMNTS unless enjoined by this Court.

## COUNT II
## FEDERAL UNFAIR COMPETITION

31. PYMNTS complains of federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). PYMNTS repeats and realleges the allegations of paragraphs 1 through 30.

32. PYMNTS owns all rights, title, and interest in and to the term PYMNTZ, including but not limited to all common law rights in the mark due to PYMNTS' first use of the mark.

33. ISTREAM's adoption and use of the term PYMNTZ or a confusingly similar variation, derivative, or imitation, constitutes use of a false designation of origin, or a false representation, which wrongfully and falsely designates, describes, or represents the origins of ISTREAM's goods and services and business as originating from or being in connection with PYMNTS when this is not the case, and thereby constitutes a false description or representation used in interstate commerce.

34. ISTREAM's adoption and use of the term PYMNTZ or a confusingly similar variation, derivative, or imitation was with full knowledge of PYMNTS' prior rights in the term PYMNTS and with the willful intent to cause confusion and trade on PYMNTS' goodwill.

35. PYMNTS has been and is being damaged by such violation and has no adequate remedy at law. ISTREAM's unlawful and willful conduct will continue to damage PYMNTS unless enjoined by this Court.

## COUNT III
## ILLINOIS DECEPTIVE TRADE PRACTICES

36. PYMNTS complains of deceptive trade practice violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILL. COMP. STAT. §§ 510/1, *et seq.* PYMNTS repeats and realleges the allegations of paragraphs 1 through 35.

37. ISTREAM's unauthorized use of the PYMNTZ Terms or a confusingly similar variation, derivative, or imitation, trades on the business reputation and goodwill of PYMNTS and causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods and services deceiving the public into believing that ISTREAM is affiliated, connected, or associated with PYMNTS in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILL. COMP. STAT. §§ 510/1-7 (1965).

38. PYMNTS has been and is being damaged by such violation and has no adequate remedy at law. ISTREAM's unlawful and willful conduct will continue to damage PYMNTS unless enjoined by this Court.

## COUNT IV
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES

39. PYMNTS complains of deceptive trade practice violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. §§ 505/1, *et seq.* PYMNTS repeats and realleges the allegations of paragraphs 1 through 38.

40. ISTREAM's continuing unauthorized use of the PYMNTZ Terms or a confusingly similar variation, derivative, or imitation, to mislead and deceive the public by suggesting an association, connection, or affiliation of ISTREAM with PYMNTS is an unfair method of competition and a deceptive act or practice in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. §§ 505/1-12 (1961).

41. PYMNTS has been and is being damaged by such violation and has no adequate remedy at law. ISTREAM's unlawful conduct will continue to damage PYMNTS unless enjoined by this Court.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

42. PYMNTS complains of dilution in violation of the Illinois Trademark Registration and Protection Act, 765 ILL. COMP. STAT. 1036 (1998), and the common law of Illinois. PYMNTS repeats and realleges the allegations of paragraphs 1 through 41.

43. ISTREAM's continuing unauthorized use of the PYMNTZ Terms or a confusingly similar variation, derivative, or imitation, in promoting its operation is a violation of the Illinois Trademark Registration and Protection Act, 765 ILL. COMP. STAT. 1036 (1998), and the common law of Illinois in that it diminishes the public association of the PYMNTS Marks with PYMNTS and works an inexorably adverse effect upon the distinctiveness of the PYMNTS Marks by diluting the quality of the mark and by creating a likelihood of injury to PYMNTS' respected reputation.

44. PYMNTS has been and is being damaged by such violation and has no adequate remedy at law. ISTREAM's unlawful conduct will continue to damage PYMNTS unless enjoined by this Court.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

45. PYMNTS complaints of common law unfair competition. PYMNTS repeats and realleges the allegations of paragraphs 1 through 44.

46. As a result of its actions, ISTREAM has misappropriated valuable property rights of PYMNTS, is trading on the goodwill of PYMNTS as symbolized by PYMNTS' distinctive

PYMNTS Marks and has and is thereby likely to further confuse and deceive members of the purchasing public in violation of the common law of unfair competition of the State of Illinois.

47. PYMNTS has been and is being damaged by such violation and has no adequate remedy at law. ISTREAM's unlawful conduct will continue to damage PYMNTS unless enjoined by this Court.

## PRAYER FOR RELIEF

PYMNTS demands:

48. Defendant ISTREAM, its officers, agents, servants, employees, licensees, attorneys, successors, related companies, parent companies, and assigns, and all those in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined and restrained from:

    a. Using the term PYMNTZ or any other similar mark, domain name, or designation that is confusingly similar to the PYMNTS Marks or gives rise to a likelihood of confusion, mistake, or deception with respect to the PYMNTS Marks;

    b. Doing any other act or thing likely to induce the mistaken belief that ISTREAM or its services or business, is in any way approved by or affiliated, connected, or associated with PYMNTS or PYMNTS' goods and services including the use of deceptively similar names for its financial goods and services; and

    c. Unfairly competing with PYMNTS in any manner whatsoever or causing injury to the business reputation of PYMNTS.

49. ISTREAM be required to remove the term PYMNTZ from all goods and services, websites, domain names, and social media content that bear the PYMNTZ term.

50. An accounting of all profits derived by ISTREAM from the sale of goods identified with the term PYMNTZ.

51. All profits received by the ISTREAM from sales and revenues of any kind made because of its actions directed to infringing goods and services including prejudgment interest.

52. All damages sustained by PYMNTS because of ISTREAM's acts, together with prejudgment interest.

53. Based on ISTREAM's knowing and intentional use of trademarks confusingly similar to the PYMNTS Marks, the damages aware be trebled and the award of ISTREAM's profits be enhanced pursuant to 15 U.S.C. § 1117(a).

54. That because of the exceptional nature of this case, resulting from the ISTREAM's deliberate and willful infringement, this Court award PYMNTS' reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1117(a).

55. Based on ISTREAM's willful and deliberate infringement, and to deter such conduct in the future, PYMNTS be awarded punitive damages.

56. ISTREAM be directed to file with the Court and serve upon PYMNTS within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which the ISTREAM have complied with the injunction.

57. PYMNTS be awarded such other and further relief as this Court may deem equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

|  |  |
|---|---|
|  | WHAT'S NEXT MEDIA AND ANALYTICS LLC |
| Date: May 26, 2022 | /s/ Allison M. Corder |

Allison M. Corder, ARDC 6276467
corder@vciplaw.com
Charles C. Valauskas, ARDC 6181485
ccv@vciplaw.com

VALAUSKAS CORDER LLC
150 South Wacker Drive, Suite 1650
Chicago, Illinois 60606
(312) 673-0360 Telephone
(312) 673-0361 Facsimile

Attorneys for Plaintiff
WHAT'S NEXT MEDIA AND ANALYTICS LLC